# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDER NDAULA,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:19-cv-28** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **WARDEN ANGELA HOOVER,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Before the Court is Petitioner Alexander Ndaula ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 18), challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), at the Clinton County Correctional Facility ("CCCF") in McElhattan, Pennsylvania.[1]  Petitioner has also filed a motion for an evidentiary hearing and to appoint counsel (Doc. No. 30), and a motion for a detention hearing (Doc. No. 34).  Following an Order to Show Cause (Doc. No. 36), Respondent filed a response, asserting that Petitioner's detention pursuant to 8 U.S.C. § 1226(c) is lawful and does not violate the Due Process Clause of the Fifth Amendment.  (Doc. No. 9.)  Petitioner filed a traverse on June 25, 2019.  (Doc. No. 39.)

---

[1] When Petitioner filed his § 2241 petition, he was proceeding *pro se*.  As noted *infra*, however, counsel has entered an appearance on behalf of Petitioner.

By Order entered on June 26, 2019, the Court directed Respondent to file a sur-reply addressing the arguments raised in Petitioner's traverse within seven (7) days. (Doc. No. 40.) Respondent filed its sur-reply on July 3, 2019. (Doc. No. 42.) On July 1, 2019, attorney Gerald E. Lynch filed a motion for leave to appear on behalf of Petitioner. (Doc. No. 41.) The Court will grant the motion for leave to appear (Doc. No. 41), but for the reasons set forth below, will deny Petitioner's § 2241 petition (Doc. No. 18) without prejudice to Petitioner filing another petition should his detention become arbitrary or unreasonable. The Court will also deny Petitioner's motions for an evidentiary hearing and detention hearing (Doc. Nos. 30, 34) and deny as moot his motion to appoint counsel (Doc. No. 30).

## I.    BACKGROUND

### A.    Procedural History

On June 29, 2018, Petitioner, then a federal prisoner incarcerated at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania, filed a § 2241 petition in the United States District Court for the Western District of Pennsylvania, challenging the calculation of his federal sentence. (Doc. No. 1.) Petitioner argued that he was entitled to more prior custody credit as well as good time credit. (*Id.*) During the pendency of his petition, ICE filed a detainer against Petitioner. Petitioner subsequently filed a notice of an amended § 2241 petition, challenging the ICE detainer. (Doc. No. 7.) On September 7, 2018, Petitioner filed a notice of

change of address, indicating that he had been transferred to CCCF, located within this district.  (Doc. No. 13.)

On September 19, 2018, Petitioner filed a supplement to the amended petition seeking release from detention.  (Doc. No. 18.)  In that document, Petitioner clarified that he was no longer challenging the detainer and was instead challenging his continued custody by ICE.  (*Id.*)  In an Order entered on January 4, 2019, the Western District of Pennsylvania transferred the matter to this Court.  (Doc. No. 28.)  Because Petitioner is now only challenging his continued custody by ICE, the Court has deemed his supplement to the amended petition (Doc. No. 18) to be the operative § 2241 petition in this matter.  (*See* Doc. No. 36.)

### B.      Relevant Immigration Background

Petitioner, a native and citizen of Uganda, first entered the United States at an unknown time and place.  (Doc. No. 38-1, Ex. 1 at 3; Ex. 3 at 2.)  On February 6, 2001, he was convicted of credit card larceny in the Natick District Court in Natick, Massachusetts.  (*Id.*, Ex. 2 at 1; Ex. 3 at 2; Ex. 4 at 1.)  On August 28, 2001, ICE issued a Notice to Appear, charging Petitioner as being removable from the United States, pursuant to §§ 212(a)(6)(A)(i), (a)(7)(A)(i)(I), and (a)(2)(A)(i)(I) of the Immigration and Nationality Act ("INA"), for being present without having been admitted or paroled, not having valid entry documents, and having been convicted of a crime of moral turpitude.  (*Id.*, Ex. 2 at 1.)

On March 26, 2003, an immigration judge denied Petitioner all forms of relief and ordered him removed to either the United Kingdom or Uganda. (*Id.*, Ex. 3 at 9.) On September 29, 2003, the Board of Immigration Appeals ("BIA") granted Petitioner withholding of removal to Uganda. (*Id.*, Ex. 5.) On December 29, 2003, ICE determined that Petitioner would remain detained pending his anticipated removal. (*Id.*, Ex. 4.) On May 28, 2004, Petitioner was released on an Order of Supervision because ICE was unable to obtain a travel document for him. (*Id.*, Ex. 9 ¶ 4.)

DHS took Petitioner into custody again on September 6, 2010, after he was arrested for evading arrest, giving a false name, and various motor vehicle charges. (*Id.* ¶ 6.) On September 8, 2010, Petitioner was re-released on the Order of Supervision. (*Id.*) On December 5, 2011, ICE encountered Petitioner at Rikers Island in New York City after Petitioner had been charged with enterprise corruption. (*Id.* ¶ 7.) Petitioner remained on the Order of Supervision. (*Id.*)

On July 28, 2015, Petitioner was convicted of conspiracy to commit wire fraud and two counts of wire fraud in the United States District Court for the District of Massachusetts and was sentenced to twenty-one (21) months of imprisonment. (*Id.*, Ex. 1 at 4; Ex. 6.) Three years later, Petitioner was convicted of criminal possession of a weapon in the Kings County, New York Supreme Court and sentenced to six (6) months of confinement. (*Id.*, Ex. 1 at 4.)

Prior to Petitioner's release from federal custody, DHS moved for the BIA to reopen Petitioner's immigration proceedings and vacate his grant of withholding of removal based upon his recent criminal conviction. (*Id.*, Ex. 9 ¶ 9; Ex. 10.) Petitioner returned to ICE custody on August 21, 2018, after his Order of Supervision was revoked. (*Id.*, Ex. 9 ¶ 10.) On November 20, 2018, Petitioner was considered for bond pursuant to *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018),[2] but his request was deemed withdrawn because he had not been detained for more than six (6) months. (Doc. No. 38-1, Ex. 13.)

On January 24, 2019, the BIA granted DHS's motion to reopen and remanded Petitioner's proceedings to an immigration judge for a determination of whether Petitioner's most recent criminal conviction would preclude him from relief in the form of withholding of removal and whether Petitioner was entitled to other forms of relief. (*Id.*, Ex. 14.) On February 8, 2019, Petitioner filed a petition for review of removal proceedings in the United States Court of Appeals for the Third Circuit. *Ndaula v. Att'y Gen.*, No. 19-1346 (3d Cir.). On February 13, 2019, the Government

---

[2] In *Guerrero-Sanchez*, the United States Court of Appeals for the Third Circuit found that "it *may* be the case that the Due Process Clause [of the Fifth Amendment] prohibits prolonged detention under § 1231(a)(6) without a bond hearing." *Id.* at 223. The Third Circuit thus "adopt[ed] a six-month rule here—that is, an alien detained under § 1231(a)(6) is generally entitled to a bond hearing after six months (*i.e.*, 180 days) of custody." *Id.* at 226. Such individuals are "entitled to a bond hearing before an immigration Judge and [are] entitled to be released from detention unless the government establishes that [they] pose[] a risk of flight or a danger to the community." *Id.* at 224 (quoting *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011)).

filed a motion to dismiss for lack of jurisdiction, arguing that Petitioner's petition for review should be dismissed because he was no longer subject to a final order of removal. *Id.* On May 2, 2019, the immigration judge scheduled a merits hearing in Petitioner's proceedings for August 9, 2019. (Doc. No. 38-1, Ex. 15.) On June 7, 2019, the Third Circuit granted the Government's motion to dismiss Petitioner's petition for review, noting that it lacked jurisdiction to consider Petitioner's petition because the BIA's order granting DHS's motion to reopen proceedings rendered Petitioner no longer subject to a final order of removal. *Ndaula v. Att'y Gen.*, No. 19-1346 (3d Cir.).

Petitioner seeks either release from confinement or a bond hearing, arguing that his detention for over six (6) months violates due process. Petitioner asserts that he is subject to "post-final order" detention pursuant to 8 U.S.C. § 1231. Respondent argues that the Court should deny Petitioner's petition because his detention under § 1226(c) remains lawful and does not violate the Due Process Clause. Respondent contends that the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), abrogated the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), and therefore Petitioner is not entitled to a bond hearing. Respondent further asserts that Petitioner is not entitled to relief even if his case is construed as raising an as-applied challenge to § 1226(c).

## II.    DISCUSSION

In his § 2241 petition, Petitioner challenges his "post-final order" detention. (Doc. No. 18 at 1.)  As noted above, Petitioner contends that he is detained pursuant to 8 U.S.C. § 1231, which governs detention of individuals subject to final orders of removal.  Respondent, however, asserts that Petitioner is subject to detention pursuant to § 1226(c), which applies to individuals not yet subject to final orders of detention.  As discussed below, the Court agrees with Respondent.

The Third Circuit has noted that "the grant of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings."  *Mebuin v. Att'y Gen.*, 570 F. App'x 161, 162 (3d Cir. 2014) (quoting *Bronisz v. Ashcroft*, 378 F.3d 632, 637 (7th Cir. 2004)); *see also Vakker v. Att'y Gen.*, 519 F.3d 143, 148 (3d Cir. 2008) (noting that "the [immigration judge's] final order applies to the 'case,' rather than 'issue' or the 'relief granted'"); *Kargbo v. Bureau of Immigration and Customs Enf't Interim Field Office Dir.*, No. 3:CV-06-1914, 2007 WL 200957, at *1 (M.D. Pa. Jan. 23, 2007) (noting that alien petitioner was no longer subject to a final order of removal because his motion to reopen immigration proceedings had been granted).  With respect to Petitioner, the Third Circuit recently noted that he is no longer subject to a final order of removal given the BIA's grant of DHS's motion to reopen proceedings and subsequent remand to the immigration judge. *See Ndaula v. Att'y Gen.*, No. 19-1346 (3d Cir.)

(citing *Yusupov v. Att'y Gen.*, 518 F.3d 185, 195-96 (3d Cir. 2008)).[3] Thus, because

Petitioner is detained pursuant to § 1226(c), he may only be released if the Attorney

General decides that release is necessary to protect a witness and that the individual

is not a flight risk and does not pose a danger to society. 8 U.S.C. § 1226(c)(2).

"[S]ection 1226(c) does not give the Attorney General any authority to release these

[individuals] on bond." *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469,

473 (3d Cir. 2015) (citing *Demore v. Kim*, 538 U.S. 510, 521 (2003)), *abrogated in

part and other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).

Previously, the Third Circuit "read *Demore* as also recognizing that there are

limits to" the Government's authority to detain individuals under § 1226(c) without

an opportunity to bond. *Chavez-Alvarez*, 783 F.3d at 473 (citing *Diop v.

ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011); *Leslie v. Att'y Gen.*, 678 F.3d

265 (3d Cir. 2012)). Specifically, the Third Circuit recognized that the *Demore*

Court based its ruling upon the short, fixed, and finite term of pre-removal detention.

*Id.* at 474. Thus, in *Chavez-Alvarez*, the Third Circuit "read a reasonable time limit

into the statute, relying on the Court's earlier decision in *Diop*, which employed the

---

[3] Petitioner cites the Third Circuit's decision in *Guerrero-Sanchez*, as well as this Court's decision
in *Carcamo v. Doll*, No. 1:18-cv-1682, 2019 WL 1468202 (M.D. Pa. Apr. 3, 2009), to support his
proposition that those individuals in "withholding-only and CAT proceedings" are not detained
pursuant to § 1226(c). (*See* Doc. No. 39 at 6.) Unlike Petitioner, however, Guerrero-Sanchez and
Carcamo were detained pursuant to § 1231 because their orders of removal were not statutorily
subject to reopening or review. *See Guerrero-Sanchez*, 905 F.3d at 215-17; *Carcamo*, 2019 WL
1468202, at *2.

doctrine of constitutional avoidance to come to this conclusion." *Coello-Udiel v. Doll*, No. 3:17-CV-1414, 2018 WL 2198720, at *3 (M.D. Pa. May 14, 2018) (citing *Chavez-Alvarez*, 783 F.3d at 475; *Diop*, 656 F.3d at 231). The court noted that the point at which a detained individual's liberties outweigh the interests advanced by detention pursuant under § 1226(c) occurs after the six-month time frame considered in *Demore* and before the individual has been detained for one year. *Chavez-Alvarez*, 783 F.3d at 478.

Recently, however, the Supreme Court explicitly rejected the practice of reading an implicit time limit into § 1226(c). *Jennings*, 138 S. Ct. at 846-47. In *Jennings*, the Supreme Court overruled the Ninth Circuit's conclusion that "§ 1226(c)'s mandatory [detention] language must be construed to contain an implicit reasonable time limitation." *Rodriguez v. Robbins*, 804 F.3d 1060, 1079 (9th Cir. 2015) (internal quotations omitted). In its opinion, the *Jennings* Court noted:

> [Section] 1226(c) does not on its face limit the length of the detention it authorizes. In fact, by allowing aliens to be released "only if" the Attorney General decides that certain conditions are met, § 1226(c) reinforces the conclusion that [individuals] detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute. And together with § 1226(a), § 1226(c) makes clear that detention of [individuals] within its scope *must* continue "pending a decision on whether the alien is to be removed from the United States." § 1226(a).
>
> In a reprise of their interpretation of § 1225(b), respondents argue, and the [Ninth Circuit] held, that § 1226(c) should be interpreted

to include an implicit 6-month time limit on the length of mandatory detention. Once again, that interpretation falls far short of a "plausible statutory construction."

In defense of their statutory reading, respondents first argue that § 1226(c)'s "silence" as to the length of detention "cannot be construed to authorize prolonged mandatory detention, because Congress must use 'clearer terms' to authorize 'long-term detention.'" . . . . But § 1226(c) is *not* "silent" as to the length of detention. It mandates detention "pending a decision on whether the alien is to be removed from the United States," § 1226(a), and it expressly prohibits release from that detention except for narrow, witness-protection purposes. Even if courts were permitted to fashion 6-month time limits out of statutory silence, they certainly may not transmute existing statutory language into its polar opposite. The constitutional-avoidance canon does not countenance such textual alchemy.

. . .

Respondents next contend that § 1226(c)'s limited authorization for witness-protection purposes does not imply that other forms of release are forbidden, but this argument defies the statutory text. By expressly stating that the covered [individuals] may be released "only if" certain conditions are met, 8 U.S.C. § 1226(c)(2), the statute expressly and unequivocally imposes an affirmative *prohibition* on releasing detained aliens under any other conditions.

. . .

We hold that § 1226(c) mandates detention of any [individual] falling within its scope and that detention may end prior to the conclusion of removal proceedings "only if" the [individual] is released for witness protection purposes.

*Jennings*, 138 S. Ct. at 846-47. In light of this holding, this Court has held that the

Third Circuit's decisions in *Chavez-Alvarez* and *Diop* "have also been abrogated,

since they relied on the doctrine of constitutional avoidance to read a reasonable time

limitation into the statute." *Coello-Udiel*, 2018 WL 2198720, at *3. Thus, contrary to Petitioner's argument, he is not entitled to a bond hearing under either of those cases. *See, e.g.*, *Santos v. Lowe*, No. 1:18-cv-1553, 2019 WL 1468313, at *2-3 (M.D. Pa. Apr. 3, 2019) (concluding same); *Okyere v. Doll*, No. 1:18-CV-178, 2018 WL 3585080, at *2 (M.D. Pa. July 26, 2018) (noting that the *Jennings* Court "held that the language of section 1226(c) authorizes unlimited detention pending removal proceedings of an alien who is deportable on the basis of criminal involvement, and that no implicit restraint on the length of detention can be read into the statute").

While not explicitly argued by Petitioner, the Court construes his § 2241 petition to include an argument that § 1226(c) is unconstitutional as applied to him. Because the *Jennings* Court explicitly declined to reach the merits of the petitioners' constitutional arguments, 138 S. Ct. at 851, "it is unclear under current Supreme Court precedent at what point a detention pursuant to § 1226(c) becomes unreasonable without a hearing, making continued detention unconstitutional in a particular case," *Coello-Udiel*, 2018 WL 2198720, at *3. The Third Circuit has commented that "*Jennings* did not call into question [the] constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018). To assist in deciding whether detention has been "unreasonably long," the United States District Court for the District of New Jersey has provided the following explanation:

Although the Third Circuit's ultimate rulings in *Diop* and *Chavez-Alvarez* have been abrogated by *Jennings*, and those two cases are no longer binding upon this Court, it does not follow that those two cases should be ignored. The constitutional reasoning that underlay the Third Circuit's invocation of the constitutional avoidance canon still provides some persuasive guidance as to how this Court should address § 1226(c) claims. Specifically, the Court accepts that the "constitutionality of [detention pursuant to § 1226(c) without a bond hearing] is a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds." *Chavez-Alvarez*, 783 F.3d at 474 (quoting *Diop*, 656 F.3d at 232, 234). This Court likewise is mindful that "any determination on unreasonableness [must be] highly fact specific" and that "at a certain point—which may differ case by case[]—the burden to an alien's liberty outweighs" the Government's interest in detention without bond," *id.* at 474-75, and that detention which is so unreasonable as to amount to an arbitrary deprivation of liberty cannot comport with the requirements of the Due Process Clause. *Id.* at 474; *see also Demore*, 538 U.S. at 432, 123 S. Ct. 1513 (Kennedy, J., concurring). Because, however, *Jennings* foreclosed the constitutional avoidance basis provided by the Third Circuit in its determination that detention will normally become suspect between six months and a year, and because *Jennings* leaves open only the question of whether § 1226(c) is unconstitutional as applied to the petitioner, it is insufficient that Petitioner's detention has merely become suspect by reaching this six-month to a year threshold, in order for Petitioner to be entitled to release he must show that his ongoing detention is so unreasonable or arbitrary that it has actually violated his rights under the Due Process Clause. If Petitioner's detention has not become so unreasonable or arbitrary that continued application of the statute is unconstitutional as applied to Petitioner, § 1226(c) authorizes his continued detention until a final order of removal is entered and Petitioner would not be entitled to relief. *Jennings*, 138 S. Ct. at 846-47.

*Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018).

Here, the Court agrees with Respondent that Petitioner's as-applied challenge fails. Petitioner has been detained pursuant to § 1226(c) for a little over five (5) months.[4] Courts within the Third Circuit have concluded that detention pursuant to § 1226(c) for just over a year is insufficient to amount to an arbitrary deprivation of liberty and therefore is insufficient to demonstrate that the statute has been unconstitutionally applied. *See, e.g.*, *Santos*, 2019 WL 1468313, at *4 (detention for fifteen (15) months not unconstitutional); *Dryden*, 321 F. Supp. 3d at 502-03 (detention for just over a year not unconstitutional); *Fernandez v. Lowe*, No. 3:17-CV-2301, 2018 WL 3584697, at *4 (M.D. Pa. July 26, 2018) (detention for fifteen (15) months not unconstitutional given regular progression of proceedings); *Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at *5 (D.N.J. July 20, 2018) (detention for just over thirteen (13) months not unconstitutional). Significantly longer periods, however, have been found to be so prolonged as to be an arbitrary and therefore unconstitutional application of § 1226(c) absent a bond hearing. *See, e.g.*, *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (detention of eighteen months in the absence of bad faith on the part of the petitioner warranted a bond hearing); *Vega v. Doll*, No. CV 3:17-1440, 2018 WL 3756755, at *5 (M.D. Pa. Aug. 8, 2018) (concluding that detention for twenty-one months had become so

---

[4] If Petitioner's detention pursuant to § 1231 prior to the reopening of immigration proceedings is considered, he has only been detained for almost eleven (11) months.

13

prolonged that petitioner was entitled to an individualized bond hearing); *Destine v. Doll*, No. 3:17-CV-1340, 2018 WL 3584695, at \*5 (M.D. Pa. July 26, 2018) (concluding same).

Moreover, nothing in the record suggests "that the government has improperly or unreasonably delayed the regular course of proceedings, or that the government has detained him for any purpose other than the resolution of his removal proceedings."[5] *Coello-Udiel*, 2018 WL 2198720, at \*4. Rather, Petitioner's case has proceeded at a reasonable pace. As noted above, the BIA granted DHS's motion to reopen on January 24, 2019, and the immigration judge has set the matter for a merits hearing on August 9, 2019. "While [Petitioner] certainly has the right to pursue all available avenues to combat his removal, post-*Jennings*, he does not have the right to parlay the resulting delay into a bond hearing." *Coello-Udiel*, 2018 WL 2198720, at \*4. Accordingly, Petitioner's § 2241 petition will be denied without prejudice.

---

[5] In his traverse, Petitioner suggests that an evidentiary hearing is needed because "Respondent has made various misrepresentations as to [his] criminal history, the expectations of travel documents from Uganda or South Africa, and whether [he] has prolonged his own detention." (Doc. No. 39 at 7.) Nowhere, however, has Respondent suggested that Petitioner has acted to prolong his own detention. Moreover, nothing in the record supports Petitioner's vague allegation that his Order of Supervision was revoked in "retaliation" for his previous challenge to the computation of his federal sentence. (*Id.* at 3.) Petitioner is not entitled to an evidentiary hearing regarding the foreseeability of his removal or the status of travel documents issuing because his likelihood of removal is not the issue before this Court.

## III.   CONCLUSION

For the foregoing reasons, attorney Gerald E. Lynch's motion for leave to appear on behalf of Petitioner (Doc. No. 41) will be granted.  Petitioner's § 2241 petition (Doc. No. 18) will be denied without prejudice to Petitioner's right to file another petition should his detention become arbitrary or unreasonable.  Because the Court has determined that Petitioner is not entitled to the relief sought in his § 2241 petition at this time, his motion for an evidentiary hearing (Doc. No. 30) and motion for detention hearing (Doc. No. 34) will be denied.  His motion to appoint counsel (Doc. No. 30) will be denied as moot.  An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: July 10, 2019